**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| JOHN E. HOFFNER and DEBRA K. ) | |
| HOFFNER, ) | No. 08-40055 |
| ) | |
| Debtors. ) | |

## O P I N I O N

John and Debra Hoffner, (jointly referred to as the "Debtors" and individually referred to as "John" or "Debra"), filed their petition for relief under Chapter 7 of the Bankruptcy Code on January 14, 2008. On Schedule C, the Debtors claim a $30,000 exemption in their home under 735 ILCS 5/12-901. The Debtors value their home at $92,000 and show an outstanding mortgage balance of $74,368.31. The Debtors also claim an exemption of $4,300 in a 1999 Chevrolet S-10 truck, which they value at $4,300 and is unencumbered.

The Chapter 7 Trustee objected to the Debtors' claimed exemptions in the home and the Chevrolet S-10 truck asserting that the title to both the home and the truck were in John's name alone and therefore Debra was not entitled to an exemption in either the real property or the truck. A hearing was held, and the Debtors requested more time to research the issues. The Court granted the Debtors two weeks to file a brief with any authority they wanted the Court to consider, and the Trustee was granted two weeks from the date of the Debtors' brief to file a reply brief. Both briefs have now been filed.

The issue of whether a non-titled spouse can claim an exemption in residential real estate has been the subject of conflicting opinions in the federal bankruptcy courts and district courts sitting in Illinois. The issue is now before the Seventh Circuit Court of Appeals in *In re Belcher,* No. 07-2174. This Court will continue to hold under advisement its opinion on the issue of a non-titled

spouse claiming an exemption to residential real estate until the Seventh Circuit Court of Appeals rules in *Belcher*.

The Trustee also challenges the Debtors' claim of an exemption of $4,300 of equity in the Chevrolet S-10 truck under Section 735 ILCS 5/12-1001(c). That section provides that a debtor may exempt "[t]he Debtor's interest, not to exceed $2,400 in value, in any one motor vehicle." The Debtors admit that the vehicle is titled only in John's name and was purchased by him before the parties were married. They assert that any equity Debra would have in the vehicle would "be that which came from her time using and caring for the vehicle."

Under Section 3-107(c) of the Illinois Vehicle Code, "[a] certificate of title issued by the Secretary of State is *prima facie* evidence of the facts appearing on it." 625 ILCS 5/3-107(c). This Court, while sitting in the Central District of Illinois, addressed the issue of whether a non-titled spouse can claim an exemption in a vehicle. In *In re Spiker*, No. 91-80800 at p. 2 (Bankr.C.D.Ill. July 23, 1991) (unpublished), this Court held that in the absence of any proof of ownership interest in the vehicle to rebut presumption of ownership in a titled spouse, a non-titled spouse could not claim an exemption. In *In re LeMons*, 1997 WL 33475069 (Bankr.C.D.Ill. Nov. 4, 1997), this Court concluded that, under Illinois law, the *prima facie* presumption of ownership that arises from a certificate of title may be rebutted by competent evidence of actual ownership. *Id*. at *2 (citing *Pekin Ins. Co. v. U.S. Credit Funding, Ltd.*, 212 Ill.App.3d 673, 571 N.E.2d 769, (Ill.App. 1 Dist. 1991)). In *LeMons*, there was evidence that the debtors used an insurance check, issued in both their names in settlement of a claim, to purchase a vehicle. However, title to the new vehicle was taken in the wife's name only. There was evidence that both debtors signed the application for the title, but only the wife signed the back of the title and therefore the paperwork was processed in her name alone. Given these facts, this Court found that, "[t]he blunder resulting from [the husband's] failure to sign the required document cannot deprive him of his right to claim an exemption." *LeMons* at

*2.[1]

In the present case, the Debtors have admitted that the facts do not favor them in this case as the title to the Chevrolet S-10 truck was purchased by John in 2003 before the parties were married. Title is in John's name alone. Unlike in *LeMons,* the Debtors have not presented any evidence to support Debra's alleged ownership interest in the Chevrolet S-10 truck that would rebut the presumption arising from the certificate of title that John alone owns the vehicle. Under these circumstances, Debra is not entitled to claim an exemption in the vehicle.

A separate Order will be entered.

ENTERED: June 11, 2008

/s/ William V. Altenberger
UNITED STATES BANKRUPTCY JUDGE

---

[1] This Court could not find any cases, published or unpublished, by Judge Meyers, Chief Judge of the Southern District of Illinois, on this issue. However, other bankruptcy courts with similar exemption statutes have held that a debtor-spouse may not, solely on the basis of the marital relationship, claim an exemption in a motor vehicle that was titled solely in the name of the other spouse. *See, e.g., In re Toland*, 346 B.R. 444, 449 (Bankr.N.D.Ohio 2006) (holding that debtor-husband was not entitled to claim Ohio state law exemption is motor vehicle that was titled solely in the name of his wife); *In re Miller*, 167 B.R. 782, 784 (Bankr.S.D.N.Y. 1994) (cited by this Court in *LeMons* and holding that a debtor-husband was not entitled to any exemption in a motor vehicle that was titled solely in his wife's name).